IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Streeter's Excavating, LLC, a Michigan limited liability company<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JCF Companies, LLC, a Minnesota limited liability company<br><br>　　　　　　　　　　Defendant. | Court File No. _____<br><br>**COMPLAINT** |

Plaintiff, for its Complaint against Defendant, states and alleges as follows:

## PARTIES

1.　　Plaintiff Streeter's Excavating, LLC, is a Michigan limited liability company with a registered address of 610 W Main Street, Hale, Michigan 48739.

2.　　Streeter's is owned by Robert Streeter, who is a citizen of Michigan.

3.　　Defendant JCF Companies, LLC is a Minnesota limited liability company with a registered address of 13827 Cross Lake Road SE, Pine City, Minnesota 55063.

4.　　Upon information and belief, Joseph Foster, a citizen of Minnesota, is the sole member of JCF.

## JURISDICTION AND VENUE

5.　　Jurisdiction in this case is proper pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000 in value, exclusive of interest and costs.

6.　　Venue in this case is proper pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to this action occurred in Douglas County and Outagamie County, Wisconsin.

## **FACTS**

7. JCF was the general contractor on two construction projects, one located in Superior, Wisconsin ("Superior Project") and one located in Bear Creek, Wisconsin ("Bear Creek Project").

8. On or about March 10, 2025, JCF and Streeter's entered into two separate subcontracts for work on the Superior Project and the Bear Creek Project (respectively, the "Superior Subcontract" and the "Bear Creek Subcontract," and collectively, the "Subcontracts"). The Subcontracts called for Streeter's to perform the following work: (i) demolition and clearing, (ii) installation of utilities, (iii) base materials as needed, and (iv) site work and final grade work as detailed in the specifications for each project.

9. The original Superior Subcontract price was $125,000.00. JCF and Streeter's later signed several change orders increasing the Superior Subcontract price by $53,669.00.

10. Streeter's performed all of its obligations under the Superior Subcontract and completed its work in accordance with the Superior Subcontract.

11. The Bear Creek Subcontract price was $130,000.00.

12. Streeter's completed more than half of its work in accordance with the Bear Creek Subcontract and was prevented by JCF from completing the balance of the work.

13. The Subcontracts contained a termination clause that required JCF to provide Streeter's written notice with a "description specifying the breach" and an "opportunity to cure such breach within three calendar days of receipt of said notice."

14. On or around June 18, 2025, JCF, or one of its agents, terminated the Subcontracts.

15. Prior to termination, JCF did not provide Streeter's with written notice specifying the alleged breach and providing an opportunity to cure.

16. Upon information and belief, the owner of the Superior Project and Bear Creek Project has paid JCF for the work Streeter's provided on each project.

2

17.     Despite demand, JCF has failed and refused to pay Streeter's in full under the Subcontracts and has failed to pay Streeter's in full for the work Streeter's performed on the Superior Project and the Bear Creek Project.

18.     JCF has satisfied all conditions precedent necessary for bringing this action.

### COUNT I – BREACH OF CONTRACT

19.     The other paragraphs of this Complaint are incorporated herein by reference.

20.     Streeter's performed its work on the Superior Project and Bear Creek Project by providing labor, equipment, materials, and services as required under the Subcontracts, and has satisfied all conditions precedent under the Subcontracts for the commencement of this action.

21.     The Subcontracts contain an express and implied right to cure.

22.     JCF breached the Subcontracts by failing to pay Streeter's for its labor, equipment, material, and services.

23.     JCF breached the Subcontracts by wrongfully terminating Streeter's.

24.     JCF has prevented or hindered Streeter's performance of its work under the Subcontracts by, among other things, failing to allow Streeter's to complete its work on the Bear Creek Project and by failing to allow Streeter's to cure any alleged defects.

25.     As a direct and proximate result of JCF's breaches of contract, Streeter's has been damaged in excess of $75,000.00, to be proven with specificity at trial, plus interest, costs, disbursements, and reasonable attorney fees and costs.

### COUNT II – UNJUST ENRICHMENT/QUANTUM MERIUT

26.     The other paragraphs of this Complaint are incorporated herein by reference.

27.     At the request of JCF and with JCF's knowledge, Streeter's provided labor, equipment, materials, and services conferring a substantial benefit to JCF.

28.     JCF was aware that Streeter's was furnishing its work to the Superior Project and Bear Creek Project with the reasonable expectation of receiving reasonable compensation for the work.

3

29. JCF accepted work from Streeter's on the Superior Project and Bear Creek Project.

30. JCF has refused and failed to pay Streeter's for its work on the Superior Project and Bear Creek Project.

31. JCF's refusal and failure to pay Streeter's for its work is wrongful.

32. JCF would be unjustly enriched if it were allowed to keep the benefit of work Streeter's provided without fully compensating Streeter's therefor.

33. Streeter's is entitled to payment from JCF for the reasonable value of its labor and materials in an amount in excess of $75,000.00, to be proven with specificity at trial, plus interest, costs, disbursements, and reasonable attorney fees and costs.

## COUNT III – DECLARATORY JUDGMENT
### Wisconsin Uniform Declaratory Judgments Act § 806.04

34. The other paragraphs of this Complaint are incorporated herein by reference.

35. Streeter's brings the count under Wisconsin Uniform Declaratory Judgment Act Wis. Stat. § 806.04, *et seq.*

36. An actual and justiciable controversy, ripe for judicial determination, has arisen between Streeter's and JCF regarding the validity and enforceability of the Subcontracts and as to whether JCF materially breached the Subcontracts by wrongfully terminating Streeter's.

37. Under the Subcontracts, termination of the Subcontracts in the event of a breach required JCF to provided Streeter's notice "with a written description specifying the breach" and an "opportunity to cure such breach within three calendar days of receipt of said notice."

38. JCF did not provide Streeter's with written notice of default and an opportunity to cure before terminating Streeter's.

39. Accordingly, Streeter's is entitled to a declaratory judgment that (i) JCF materially breached the Subcontracts by wrongfully terminating Streeters; (ii) JCF has waived

4

any rights or remedies under the Subcontracts; (iii) Streeter's is excused from any further performance under the Subcontracts; and (iv) JCF may not bring any action to enforce the Contracts or any of JCF's purported rights or remedies thereunder.

40. Streeter's is entitled to recover its fees, costs, and disbursements incurred in pursuing this declaratory judgment action.

### COUNT IV – MINNESOTA PROMPT PAYMENT ACT
### Minnesota Statutes § 471.425

41. The other paragraphs of this Complaint are incorporated herein by reference.

42. Pursuant to the Minnesota's Prompt Payment Act, Minn. Stat. § 471.425, Streeter's is entitled to interest at the rate of 1.5% per month on the amounts JCF has failed to pay Streeter's in breach of the Contracts.

### COUNT V – CVIL THEFT
### Wisconsin Statutes § 779.20(5)

43. The other paragraphs of this Complaint are incorporated herein by reference.

44. Pursuant to Wisc. Stat. § 779.20(5), Streeter's brings a claim against JCF for theft of proceeds for nonpayment for Streeter's excavation services despite JCF receiving payment from the owner for those quantities.

45. Pursuant to Wisc. Stat. § 779.20(5), JCF's use of payments by the owner for any purpose until all claims have been paid in full, other than claims involving a bona fide dispute, and then only to the proportional extent of the amount in dispute, is considered theft.

46. Upon information and belief, JCF was paid by the owner for Streeter's subcontract work under the Superior Contract and Bear Creek Contract.

47. Under Wisc. Stat. § 779.20(5), JCF is civilly liable to Streeter's for the value of such payment stolen, the exact amount to be proven at trial, plus statutory punitive damages of up to three times the property value when stolen. *See Tri-Tech Corp. of America v. Americomp Services, Inc.*, 646 N.W.2d 822 (Wis. 2002).

5

## **PRAYER FOR RELIEF**

WHEREFORE, Streeter's Excavating, LLC respectfully prays for the following relief:

1. On Count I, judgment in favor of Streeter's Excavating, LLC for all damages caused by JCF Companies, LLC's breaches of contract in an amount of at least $75,000.00, the exact amount to be proven at trial, together with interest, costs, and disbursements allowed by contract or statute;

2. On Count II, an order for restitution to Streeter's for the reasonable uncompensated value of all labor, equipment, services, and materials furnished by Streeter's to JCF on the Superior Project and Bear Creek Project;

3. On Count III, a declaration and order that (i) JCF materially breached the Subcontracts by wrongfully terminating Streeters; (ii) JCF has waived any rights or remedies under the Subcontracts; (iii) Streeter's is excused from any further performance under the Subcontracts; and (iv) JCF may not bring any action to enforce the Contracts or any of JCF's purported rights or remedies thereunder.

4. On Count IV, judgment in favor of Streeter's Excavating, LLC and against JCF Companies, LLC awarding Streeter's Excavating, LLC statutory interest on its unpaid claim.

5. On Count V, judgment in favor of Streeter's Excavating, LLC for all damages caused by JCF Companies, LLC's civil theft plus statutory punitive damages of up to three times the value of stolen property;

6. An award of Streeter's attorney fees, costs, and disbursements, as may be allowed by statute or contract; and

7. Any other judgment or relief the court deems equitable and just.

|  |  |
|---|---|
| DATED: December 29, 2025 | FABYANSKE, WESTRA, HART & THOMSON, P.A.<br><br>By: /s/ Nathan R. Sellers<br>Nathan R. Sellers (MN 393010)<br>80 S. Eighth St., Suite 1900<br>Minneapolis, MN 55402<br>(612) 359-7600 (P)<br>(612) 359-7602 (F)<br><br>**ATTORNEYS FOR PLAINTIFF STREETER'S EXCAVATING, LLC** |

7